**Henrikus SUMANTRI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, et. al., Respondents.**

No. 06–0039–ag.

United States Court of Appeals, Second Circuit.

May 15, 2007.

Lawrence Spivak, New York, NY, for Petitioner.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Frances C. Trapp, Assistant United States Attorney, Columbia, SC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Henrikus Sumantri, a native and citizen of Indonesia, seeks review of a December 9, 2005 order of the BIA affirming the April 16, 2004 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Henrikus Sumantri,* No. A96 427 367 (B.I.A. Dec. 9, 2005), *aff'g* No. A96 427 367 (Immig. Ct. N.Y. City Apr. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process

was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

■ An applicant for asylum bears the burden of proving by clear and convincing evidence that his application was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Here, the IJ pretermitted Sumantri's asylum claim because he failed to prove that changed circumstances in Indonesia justified the late filing of his application. The Immigration and Nationality Act states, in pertinent part, that: "[n]o court shall have jurisdiction to review any determination of the Attorney General," concerning the timeliness of an alien's application for asylum. *See* 8 U.S.C. § 1158(a)(2)(B), (a)(3). In interpreting this provision, we have held that we lack jurisdiction to review the timeliness of a petitioner's asylum claim as it relates to "the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006).

■ Sumantri asserts that the IJ's one-year bar finding violated his due process rights because the IJ failed to explicitly address the country conditions evidence. In order to succeed on a due process claim, the applicant must show that he was denied a full and fair opportunity to present his claims or otherwise deprived of fundamental fairness. U.S. Const. amnd. V.; 8 U.S.C. § 1158(a) (2005); *see also Xiao Ji Chen,* 471 F.3d at 324. Sumantri had the opportunity to submit evidence of country conditions in Indonesia, and despite his assertion to the contrary, the IJ did consider that evidence. Although the IJ did

not go through the country conditions evidence in detail, he was not required to do so. *Xiao Ji Chen,* 471 F.3d at 341. The IJ did explicitly find that Sumantri failed to establish, through his testimony and evidence, that country conditions in Indonesia changed significantly from the time he first arrived in the United States. The IJ noted that there were several incidents of violence in Indonesia after Sumantri arrived in the United States, yet he did not file his application within a reasonable time after those events. Thus, the IJ sufficiently considered the evidence in the record in concluding that Sumantri did not qualify for an exception to the one-year filing deadline for asylum applications and did not violate his constitutional right to due process.

■ Even though we lack jurisdiction to review Sumantri's asylum claim, we can review his challenge to the agency's denial of his withholding of removal and CAT claims.[1] In his brief, Sumantri does not argue that he suffered past persecution in Indonesia; he argues only that the IJ erred in failing to find that he would likely face persecution and torture on account of his ethnicity and religion upon return to Indonesia.

■ The IJ denied Sumantri's claims because he failed to present sufficient corroborating evidence that he was ethnic Chinese. Although the IJ erred in using this lack of corroboration regarding his ethnicity to reject Sumantri's religious persecution claim, the IJ was reasonable in concluding that Sumantri failed to present sufficient corroborating documentation of his ethnicity, and was also reasonable in rejecting Sumantri's explanations for his

---

1. Sumantri did not raise any arguments regarding the denial of his CAT claim in his brief to the BIA. However, because the BIA explicitly affirmed the denial of his CAT

claim, it is considered exhausted. *See Xian Tuan Ye v. Dep't of Homeland Security,* 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994).

lack of corroboration. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

 In addition, the BIA's finding that Sumantri failed to establish a likelihood of persecution or torture in Indonesia, even assuming he was an ethnic Chinese Christian, is supported by substantial evidence. Sumantri correctly asserts that he need not prove that he would be individually targeted for persecution upon his return to Indonesia; he can succeed by demonstrating that there is a pattern and practice of persecution in Indonesia, on account of one of the enumerated grounds, against a group of which he is a member. *See* 8 C.F.R. § 208.16(b)(2)(i)–(ii). The country conditions documents describe some of the specific instances of violence against Christians and ethnic Chinese over the last several years in Indonesia. However, the report specifically stated that in certain areas there was a "sharp drop" in violence between Christians and Muslims and "inter-religious tolerance and cooperation improved." The report did not describe severe incidents of violence in other regions, such that a reasonable fact-finder would be compelled to conclude that Sumantri would likely face persecution or torture on account of his Christian faith upon return to Indonesia. In addition, the report described only incidents of "discrimination and harassment" against ethnic Chinese in Indonesia. Thus, the information contained in the reports is not sufficient to compel a finding that there is a greater than 50% chance Sumantri will be persecuted or tortured in Indonesia on account of his religion or ethnicity. Accordingly, the agency's denial of Sumantri's withholding of removal and CAT claims is supported by substantial evidence.

For the foregoing reasons, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).